UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LYNNE GEBERT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05CV717SNL |
| ) | |
| UNITED RENTALS ) | |
| (NORTH AMERICA), INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the Court on the plaintiff's motion for remand (#10), filed June 15, 2005. Defendant has filed a responsive pleading.

Missouri civil procedure law prohibits a plaintiff from praying for specific monetary relief in a complaint, and generally plaintiffs will simply plead for damages "in excess of $25,000.00" (Missouri's requisite jurisdictional amount). In the instant matter, plaintiff has pled damages "in excess of $25,000.00", as well as, seeking an award for backpay and benefits, reinstatement or front-pay, and damages for emotional distress, embarrassment and humiliation; and finally, punitive damages. *See*, Plaintiff's Complaint, pgs. 4-5.

This case was removed to federal court on the grounds of diversity jurisdiction. Here, complete diversity of citizenship is uncontroverted.[1] The appropriateness of removal in this case depends on whether the amount-in-controversy requirement; i.e. the jurisdictional amount, has been met.

---

[1]Recently, the Court dismissed the third-party complaint against non-diverse third-party defendant Gregg Gebert (upon third-party plaintiff United Rental's motion) and allowed the non-diverse intervener Peter Petznick to withdraw his motion to intervene.

The burden of establishing federal jurisdiction, including the requisite federal jurisdictional amount falls on the party asserting federal jurisdiction; i.e. defendant United Rentals. Where state law prohibits a plaintiff from specifying in a complaint the amount of damages sought, the removing party (United Rentals) must show by a preponderance of the evidence the claims asserted by plaintiff Gebert legally satisfy the amount-in-controversy requirement; i.e., exceeds $75,000.00. James Neff Kramper Family Farm Partnership v. IBP, Inc., 393 F.3d.828, 831 (8th Cir. 2005); In re Minnesota Mut. Life Ins. Co. Sales Practices Litigation, 346 F.3d. 830, 834 (8th Cir. 2003); Kopp v. Kopp, 280 F.3d. 883, 885 (8th Cir. 2002).
In order to meet its burden of demonstrating that the amount-in-controversy requisite has been met, the removing party must present specific facts or evidence; speculation and belief that a plaintiff's damages exceed $75,000.00 is insufficient to meet this burden. Hill v. Ford Motor Co., 324 F.Supp.2d. 1028, 1036 (E.D.Mo. 2004).

Plaintiff Gebert asserts that defendant United Rentals has not met its burden because it only "believes" that the plaintiff's damages exceed $75,000.00. She further asserts that her prayer for compensatory and punitive damages, as well as front pay and back pay is not "evidence" supporting defendant's contention that the jurisdictional amount has been met.

Defendant counters that plaintiff's salary at the time of her termination (June 9, 2003) was $50,000.00 per year. It further contends that in light of the fact that plaintiff is requesting compensatory and punitive damages (which are uncapped under the Missouri Human Rights Act), and front pay and back pay; a back pay award alone be approximately $100,000.00. It further argues that plaintiff has on several occasions refused to stipulate to a damage award amount of $75,000.00 or less.

The Court finds that the defendant has adequately presented "specific facts or evidence" that the jurisdictional amount has been met. Defendant has offered undisputed evidence of the plaintiff's salary at the time of her termination, and based upon her prayer for relief, a fact finder could legally award her damages, including but not limited to back pay, in an amount greater than the jurisdictional threshold. Furthermore, the plaintiff's consistent refusal to stipulate that she would not demand more than the jurisdictional amount sufficiently convinces this Court that plaintiff is pursuing damages in excess of $75,000.00. *See*, Neighbors v. Muha, 2005 WL 2346968 (W.D.Mo. September 26, 2005) *citing* Halsne v. Liberty Mutual Group, 40 F.Supp.2d. 1087, 1091 (N.D.Iowa 1999)(*citing* Chase v. Shop N' Save Warehouse Foods, 110 F.3d. 424 (7th Cir. 1997)).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for remand (#10) be and is **DENIED.**

Dated this   26th   day of October, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE